DocuSign Envelope ID: 3FD3C25B-ACFC-4A61-88A7-5CF7D5C1BC37

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

**Civil Case No. 23-cv-1334**

**TAYLOR BAKER,**

**Plaintiff,**

**v.**

**CO-HOST MANAGEMENT LLC**,
**COLORADO SPRINGS FITNESS INC.** d/b/a F45 Colorado Springs Central & Northgate
**EXPERT CAPITAL LLC,** d/b/a Expert Capital Real Estate Acquisitions
**JOSHUA KOLNITYS,** an individual,
and **MORGAN ADDIS,** an individual,

**Defendants.**

---

**COMPLAINT**

---

## INTRODUCTION

1. This is a straightforward wage underpayment case involving an entrepreneur, owning a range of businesses in property management, fitness, and an investment and an employee who was expected to work long hours in exchange in all those ventures for minimal pay with promises of future earning potential once the entrepreneur's businesses expanded and thrived. Plaintiff Taylor Baker ("Plaintiff") worked as an Executive Assistant for Defendants for approximately five months, from August 28, 2021 to February 14, 2022. During this time, Plaintiff's agreed upon rate of pay was $15 per hour but also suffered numerous wage violations. First, Plaintiff regularly worked approximately 72 hours per week, but was not paid anything for hours worked over a 40 hour workweek. Second,

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

DocuSign Envelope ID: 3FD3C25B-ACFC-4A61-88A7-5CF7D5C1BC37

Plaintiff was not paid the minimum wage for the hours he did work. Third, Plaintiff was required to undertake uncompensated on-call duties, at all times, he was not directly working for Defendants. Finally, Plaintiff was not paid out his accrued and unused vacation pay upon separation.

2. To challenge these and other wage violations, Plaintiff brings this action, by and through his attorneys, against Defendants CO-Host Management LLC, Colorado Springs Fitness Inc., Expert Capital Real Estate Acquisitions, and Joshua Kolnitys, an individual, and Morgan Addis, an individual, to recover unpaid and/or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter "FLSA"), the Colorado Wage Claim Act, §8-4-101, *et seq*. and the Colorado Minimum Wage Act, C.R.S. §8-6-101, *et seq*., as implemented by the Colorado Minimum Wage Order (the "Minimum Wage Orders") and then the Colorado Overtime and Minimum Pay Standards Orders ("COMPS") (collectively, "CWCA").

3. Plaintiff Taylor Baker further alleges that Defendant violated the anti-retaliation provisions of the FLSA and/or CWCA by terminating him in response to his complaints regarding his employer's wage and hour violations.

4. Plaintiff additionally brings conversion claims based on Defendants' failure to pay him his earned wages.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

6. This Court also has jurisdiction based on the diversity of citizenship between the parties and amount in controversy, pursuant to 28 U.S.C. § 1331(a):

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

a. Plaintiff resides in Pennsylvania and at least one of the Defendant's reside in Colorado; and

b. The matter in controversy exceeds the sum or value of $75,000.

7. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

8. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* A significant portion of the events giving rise to the instant litigation occurred at the Defendants' rental property management company located at 609 S Cascade, Suite 226, Colorado Springs, CO 80903, and one or more of the Defendants named herein resides in this district.

## PARTIES

### Defendant CO-Host Management LLC

9. Defendant **CO-Host Management LLC** (hereinafter "CO-Host") is a limited liability company doing business within El Paso County, and whose principal place of business is located at **609 S Cascade, Suite 226, Colorado Springs, CO 80903**. Its registered agent is listed with the Colorado Department of State as Defendant Joshua Richard Kolnitys at the same address.

10. At all relevant times, Defendant CO-Host had annual gross revenues in excess of $500,000.

11. At all relevant times, Defendant CO-Host was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

12. Upon information and belief Defendant CO-Host purchases supplies, equipment, and other necessary items to run its rental property management company and serve its customers

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

DocuSign Envelope ID: 3FD3C25B-ACFC-4A61-88A7-5CF7D5C1BC37

from out of state vendors selling such supplies, and equipment originating outside the state of Colorado. Further, Defendant CO-Host advertises its property management services to the entire world on the internet at https://www.cohostmgmt.com/. Defendant CO-Host also accepts payments by credit cards and, upon information and belief, utilizes the phone and internet lines to accept and transmit payments.

13. At all times material to this action, Defendant CO-Host was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

14. At all relevant times, Defendants CO-Host's business activities were related and performed through unified operations or common control for a common business purpose and constituted an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203(r).

**Defendant Colorado Springs Fitness Inc. d/b/a F45 Colorado Springs Central & Northgate**

15. Defendant **Colorado Springs Fitness Inc.** (hereinafter "F45 COS") is a corporation doing business within El Paso County, and whose principal place of business is located at **609 S Cascade, Suite 226, Colorado Springs, CO 80903**. Its registered agent is listed with the Colorado Department of State as Defendant Joshua Richard Kolnitys at the same address.

16. At all relevant times, Defendant F45 COS had annual gross revenues in excess of $500,000.

17. At all relevant times, Defendant F45 COS was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

18. Upon information and belief Defendant F45 COS purchases supplies, equipment, and other necessary items to run its fitness company and serve its customers from out of state vendors selling such supplies, and equipment originating outside the state of Colorado. Further, Defendant F45 COS advertises its fitness services to the entire world on the internet at



ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

DocuSign Envelope ID: 3FD3C25B-ACFC-4A61-88A7-5CF7D5C1BC37

https://f45training.com/coloradospringscentral/home. Defendant F45 COS also accepts payments by credit cards and, upon information and belief, utilizes the phone and internet lines to accept and transmit payments.

19. At all times material to this action, Defendant F45 COS was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

20. At all relevant times, Defendant F45 COS's business activities were related and performed through unified operations or common control for a common business purpose and constituted an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203(r).

**Defendant Expert Capital LLC, d/b/a Expert Capital Real Estate Acquisitions**

15. Defendant **Expert Capital LLC** (hereinafter "EC LLC") is a limited liability company doing business within El Paso County, and whose principal place of business is located at **609 S Cascade, Suite 226, Colorado Springs, CO 80903**. Its registered agent is listed with the Colorado Department of State as Defendant Joshua Richard Kolnitys at the same address.

16. At all relevant times, Defendant EC LLC had annual gross revenues in excess of $500,000.

17. At all relevant times, Defendant EC LLC was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

18. Upon information and belief Defendant EC LLC purchases supplies, equipment, and other necessary items to run its fitness company and serve its customers from out of state vendors selling such supplies, and equipment originating outside the state of Colorado. Further, Defendant EC LLC advertises its fitness services to the entire world on the internet at https://www.expertcapitalinvestments.com/about. Defendant EC LLC also accepts

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

DocuSign Envelope ID: 3FD3C25B-ACFC-4A61-88A7-5CF7D5C1BC37

payments by credit cards and, upon information and belief, utilizes the phone and internet lines to accept and transmit payments.

19. At all times material to this action, Defendant EC LLC was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

20. At all relevant times, Defendant EC LLC's business activities were related and performed through unified operations or common control for a common business purpose and constituted an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203(r).

**Defendant Joshua Kolnitys**

21. Defendant Joshua Kolnitys, an individual, resides at 1214 N Wahsatch Ave, Colorado Springs, Colorado 80903, in El Paso County, upon information and belief.

22. At all times material to this action, Defendant Kolnitys actively participated in the business of CO-Host as the Chief Executive Officer.

23. At all times material to this action, Defendant Kolnitys actively participated in the business of F45 COS and EC LLC as the Owner of those businesses.

24. Defendant Kolnitys has an ownership interest in and/or is a shareholder of Defendant CO-Host, F45 COS, and EC LLC upon information and belief.

25. At all times material to this action, Defendant Kolnitys exercised substantial control over the functions of the companies' employees including Plaintiff. For example, Defendant had the ability and authority to hire and fire employees, set rates of pay, and set employee schedules.

26. At all times material to this action, Defendant Kolnitys was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

27. At all relevant times, Defendant's business activities were related and performed through

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

DocuSign Envelope ID: 3FD3C25B-ACFC-4A61-88A7-5CF7D5C1BC37

unified operations or common control for a common business purpose and constituted an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203(r).

**Defendant Morgan Addis**

28. Defendant Morgan Addis, an individual, resides in El Paso County, upon information and belief.

29. At all times material to this action, Defendant Morgan Addis actively participated in the business of CO-Host as the Chief Operating Officer.

30. Defendant Addis has an ownership interest in and/or is a shareholder of Defendant CO-Host, upon information and belief.

31. At all times material to this action, Defendant Morgan Addis exercised substantial control over the functions of the company's employees including Plaintiff. For example, Defendant Morgan Addis had the ability and authority to hire and fire employees, set rates of pay, and set employee schedules.

32. At all times material to this action, Defendant Morgan Addis was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

33. At all relevant times, Defendant's business activities were related and performed through unified operations or common control for a common business purpose and constituted an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203(r).

**Plaintiff Taylor Baker**

34. Plaintiff Taylor Baker is a resident of Harrisburg PA, which is in Dauphin County.

35. Plaintiff Baker worked for CO-Host, F45 COS, and EC LLC under Joshua Kolnitys as an Executive Assistant from August 28, 2021 to February 14, 2022.

36. During his employment, Plaintiff's primary supervisor was Defendant Addis.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

37. At all times material to this action, Plaintiff Baker was an "employee" within the meaning of 29 U.S.C. § 203(e) and 7 C.C.R. 1103-1(2).

38. In this position, Plaintiff Baker regularly interacted with customers and clients who are from all across the United States and the world. He assisted with rental property bookings that originated outside of Colorado.

39. As an Executive Assistant, Plaintiff served as an assistant for both the CEO, Defendant Kolnitys, and the COO, Defendant Addis, answering phone calls, building short-term property rental listings, working with clients, and being available 24/7 to address issues on any of the properties the company managed.

40. Plaintiff estimates that from August 28, 2021 to January 31, 2022 generally he worked approximately 72 hours per week.

41. From February 1 to 14, 2022 Plaintiff estimates that he worked about 40 hours per week.

42. Prior to February 1, 2022, Plaintiff Baker typically worked from 7:00 a.m. to approximately 5:00 p.m., during Defendants' standard business hours. He also worked an additional two to three hours of intermittent and on-call work throughout the week.

43. From April 28, 2021 to January 31, 2022, Plaintiff was expected to be on-call at all times, and he responded to client needs whenever they arose and addressed issues on any of the rental properties the company managed.

44. Usually, Plaintiff would stay up until around midnight to answer any calls, and about once per week he was woken up to a work call between 12:00 a.m. to 7:00 a.m. that he had to answer involving an issue he had to address. These issues typically took about 30 to 45 minutes to address. If the issue was more involved, however, he had to drive out to the property, address the issue underpinning the call, and drive back. The process of visiting a

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

DocuSign Envelope ID: 3FD3C25B-ACFC-4A61-88A7-5CF7D5C1BC37

property, typically took around an hour and a half (including driving to and from the property and addressing the problem).

45. For Plaintiff Baker to take any time away from his desk for an extended period or make plans of a personal nature he was obligated to request time off from work, as Plaintiff was required to be available to work at any time.

46. While working in this capacity, Plaintiff was not expected to record time worked. However, upon information and belief, Defendants are in possession of documents or other recordings that would indicate all employees' time records, including those of Plaintiff's.

47. While in this position, Plaintiff Baker's pay scheme was hourly.

48. Plaintiff Baker's base rate of pay was $15.00 per hour.

49. Plaintiff Baker was not paid at a rate of one-and-one-half times his normal hourly rate for all hours worked, over 40, in a given workweek.

50. In addition to not being compensated one-and-one-half times the normal hourly rate for hours over 40, Plaintiff was paid no additional compensation for overtime.

51. Upon separation from the company, Plaintiff Baker had thirteen days of accrued but unused vacation time that was not paid.

## LEGAL CLAIMS

### As And For A First Cause of Action: FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

52. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

***Failure To Pay Time Overtime Properly***

53. Defendants failed to compensate Plaintiff at a rate of one- and one-half times his normal

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

DocuSign Envelope ID: 3FD3C25B-ACFC-4A61-88A7-5CF7D5C1BC37

hourly rate for all hours over 40 worked in a workweek, in violation of the FLSA.

***Failure To Pay Minimum Wage***

54. For 72 hours of work, pay of federal minimum wage would be ($7.25 x 40) + ($7.25 x 1.5 x 32) = $638. Plaintiff was paid less than this ($600 per week).

55. Defendants failed to pay Plaintiff the minimum wage for all hours worked, in violation of the FLSA.

***Record-Keeping Failures***

56. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiff, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

***Willful & Not Based On Good Faith & Entitlement to Damages***

57. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

58. At all relevant times, Defendants knew of the FLSA's requirements regarding minimum wage, overtime, tip credits, and break. In paying Plaintiff in the manner in which they did, Defendants knowingly violated the mandates of the FLSA.

59. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

60. As a result of the violations by Defendant of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

## As And For A Second Cause of Action:
## COLORADO WAGE ACT VIOLATIONS

61. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

62. The Defendants were Plaintiff's "employer" as that term is defined by the COMPS. 7 C.C.R. 1103-1(1.6).

63. Plaintiff is Defendants' "employee" as that term is defined by the COMPS Order because he performed labor for the benefit of Defendants in which Defendants commanded when, where, and how much labor or services would be performed. 7 C.C.R. 1103-1(2).

***Failure to Pay Minimum Wage***
**(Violation of the C.R.S. § 8-6-101 *et seq*.; Colorado Min. Wage Order 31, 7 C.C.R. § 1103-1)**

64. The Defendants failed to pay Plaintiff at a rate at or above the applicable state minimum wage rate for all hours worked in the workweek.

65. Specifically, Defendants paid Plaintiff at a rate $15 per hour. Thus, the amount Plaintiff received in a given workweek divided by the number of hours actually worked resulted in a wage less than the applicable minimum wage rate for at least some workweeks.

***Failure to Pay Weekly Overtime Premiums***
**(Violation of the Colorado Wage Act, C.R.S. §§ 8-4-109; 7 C.C.R. 1103-1(4))**

66. Plaintiff worked more than 40 hours at least some workweeks.

67. Defendants did not pay the Plaintiff overtime premiums for hours worked over 40 in each workweek.

68. As a result, Plaintiff has suffered lost wages and lost use of those wages in an amount to be determined at trial.

69. Plaintiff is entitled to recover in a civil action the unpaid balance of the full amount of the



ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

DocuSign Envelope ID: 3FD3C25B-ACFC-4A61-88A7-5CF7D5C1BC37

wages owed to him and penalties. C.R.S. § 8-4-109; 7 C.C.R. 1103-1(18).

70. Defendants violated the CWA as implemented by the COMPS Order, when they failed to pay the Plaintiff overtime premiums for hours worked over 40 in each given workweek or 12 hours per day. 7 C.C.R. §1103-1(4).

71. For any and all time worked by Plaintiff, or to be credited to Plaintiff during a workweek, Plaintiff is entitled to pay at his regular rate of pay for work up to 40 hours of work per workweek, and at time-and-a-half for all of work over 40 hours per workweek or 12 hours per day.

***Failure to Pay Wages When Due***
**(Violation of the C.R.S. § 8-6-103)**

72. The Defendants failed to pay Plaintiff all his earned wages when due.

73. Specifically, Defendants failed to pay Plaintiff all of his earned wages each pay period.

***Failure to Pay All Earned Wages***
**(Violation of the C.R.S. § 8-6-109)**

74. Plaintiff has been separated from employment with Defendants.

75. Defendants have failed to pay Plaintiff all his wages and compensation earned during Plaintiff's employment.

76. Specifically, in addition to the overtime and minimum wages they should have paid him, Defendants also did not pay Plaintiff's earned and unused vacation time when he left their employment.

***Failure to Pay Wages In Response to Wage Demand***
**(Violation of the C.R.S. § 8-6-109)**

77. Plaintiff, through counsel, issued a Demand for Payment of Wages notice dated April 7, 2022.

78. Plaintiff, through counsel, issued an additional copy of this demand, attached to a

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

DocuSign Envelope ID: 3FD3C25B-ACFC-4A61-88A7-5CF7D5C1BC37

cover letter dated April 22, 2022.

79. Defendants has not tendered any payment in response to this demand.

80. In fact, Defendants made no response of any kind to this demand letter.

81. More than 14 days has elapsed since April 7, 2022.

82. Defendants' failure to pay Plaintiff's owed wages in response to the wage demand was willful.

83. Therefore, Defendants owe Plaintiff statutory penalties in the amounts set forth in C.R.S. § 8-4-109.

***Damages***

84. Plaintiff is entitled to recover in this civil action the unpaid balance of the full amount of unpaid wages, underpaid minimum wages, and/or underpaid overtime wages that are owed and appropriate penalties, together with reasonable attorney fees and court costs. C.R.S. § 8-6-118; 7 C.C.R § 1103-1(18).

**As And For A Third Cause of Action:**
**CONVERSION/ THEFT OF SERVICES**

85. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

86. Pursuant to COMPS #37–38, § 8.4, failure to pay an employee less than the minimum wage and willful refusal to pay wages or compensation, or false denial of the amount of a wage claim, or the validity thereof, or that the same is due, with intent to secure for himself, any discount upon such indebtedness or any underpayment of such indebtedness or with intent to annoy, harass, oppress, hinder, coerce, delay, or defraud the person to whom such indebtedness is constitute theft under C.R.S. § 18-4-401.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

DocuSign Envelope ID: 3FD3C25B-ACFC-4A61-88A7-5CF7D5C1BC37

87. By failing to pay the Plaintiff all of his wages or compensation, Defendants have committed theft of services.

88. Pursuant to CRS § 18-4-405, Defendants are liable to the Plaintiff for three times the amount of the actual damages sustained in addition to costs of the action and reasonable attorney fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A) Unpaid and underpaid wages due under the FLSA and the CWCA; and

(B) Liquidated damages in the amount of their unpaid FLSA wages pursuant to 29 U.S.C. § 216(b); and

(C) Statutory damages as provided for the CWCA; and

(D) Interest; and

(E) The costs of this action together with reasonable attorneys' fees; and

(F) Such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

DocuSign Envelope ID: 3FD3C25B-ACFC-4A61-88A7-5CF7D5C1BC37

Respectfully submitted, this **25th** day of **May**, **2023**.

ANDERSONDODSON, P.C.

*s/ Mary Elizabeth Melso*
**Mary Elizabeth Melso**
*mmelso@andersondodson.com*
**Ryen C. Schimerman**
*rschimerman@andersondodson.com*
14143 Denver West Pkwy.
Suite 100-50
Golden, CO 80401
**Penn A. Dodson**
*penn@andersondodson.com*
11 Broadway, Suite 615
New York, NY 10004
(212) 961-7639 tel.

Attorneys for Plaintiffs

DocuSign Envelope ID: 3FD3C25B-ACFC-4A61-88A7-5CF7D5C1BC37

## VERIFICATION

**I declare under penalty of perjury under the law of Colorado that the foregoing is true and correct.**

Executed on 5/9/2023 (date) at Harrisburg, Pennsylvania (city or other location, and state)

Taylor Baker
Printed Name of Plaintiff

DocuSigned by:
9A76CAB511944EC...
Signature of Plaintiff

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*